IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| WILLIAM F. LONGFELLOW, | ) | Cause No. CV 12-67-GF-SEH-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| WARDEN MARTIN FRINK; | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On September 6, 2012, Petitioner William Longfellow moved to proceed in

forma pauperis with this action for a writ of habeas corpus under 28 U.S.C. § 2254.

Mr. Longfellow is a state prisoner proceeding pro se. Following his conviction by a

jury at trial, he is currently serving a sentence of fifty years, with ten suspended, for

sexual intercourse without consent. Pet. (doc. 1) at 2-3 ¶¶ 1-6.

## I. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District

Courts requires courts to examine the petition before ordering the respondent to file

an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court,* 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolaus*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). Consideration under Rule 4 "may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases. "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Id.*; *see also* 28 U.S.C. § 2243.

## II. Mr. Longfellow's Claims

Mr. Longfellow presents four claims for relief. They are reorganized into two claims here, but all are addressed.

First, Mr. Longfellow contends his counsel on direct appeal was ineffective because (1) she failed to file a reply brief and so withdrew without notifying him or

the Appellate Defenders Office of her withdrawal, and (2) she "was paid as a private attorney and by the State, did not pay back full retainer to Longfellow." Pet. at 7, 9 (Grounds One, Two, Four).

Second, Mr. Longfellow contends that he did not receive due process in his postconviction proceedings in state court because (1) he "has never received all his legal documents to file his Post-Conviction to date" and (2) counsel should have been appointed to represent him, but instead, he "was given the run-around." *Id.* at 7, 8 (Ground Three).

For his relief, Mr. Longfellow asks this Court to give him "the opportunity to have a Direct Appeal with Effective Counsel, to Order the State of Montana to give him all his legal documents, and or appoint counsel in this case; if needed in his Post-Conviction in accordance with his 6th Amendment Right." *Id.* at 10.

### III. Analysis

Although some or all of Mr. Longfellow's claims may be barred on procedural grounds, such as procedural default or the statute of limitations, it is clear that he is not entitled to relief on the merits of his claims. Accordingly, it is more efficient to proceed to the merits. *See, e.g.*, 28 U.S.C. § 2254(b)(2); *Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997) (making detailed analysis of constitutional issue despite outstanding question as to procedural bar); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198

(9th Cir. 1983).

**A. Ineffective Assistance of Appellate Counsel**

Claims of ineffective assistance of appellate counsel are governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Smith v. Robbins*, 528 U.S. 259, 285 (2000). At this stage of the proceedings, Mr. Longfellow must allege facts that would support an inference both that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Mr. Longfellow has not alleged facts to support an inference that his counsel's "failure" to file a reply brief fell below an objective standard of reasonableness. Filing of a reply brief is optional, not mandatory. Mont. R. App. P. 12(3). Mr. Longfellow has not alleged any claim or argument that counsel could have made but failed to make – much less one that would, to a reasonable probability, have persuaded the Montana Supreme Court to remand the case for vacatur of the conviction or sentence.

If Mr. Longfellow paid a retainer to his appellate counsel, he cannot obtain its repayment in a federal habeas action. *Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir.

2010). A habeas petition is intended to remedy wrongful custody, not financial injury. Id.; <u>Dickerson v. United States</u>, 530 U.S. 428, 439 n. 3 (2000).

Mr. Longfellow's first claim for relief should be denied.

## B. Post-Conviction Proceedings in State Court

The Fourteenth Amendment's guarantee of due process requires the States to honor the Sixth Amendment's guarantee of the assistance of counsel in criminal proceedings through the first appeal as of right, *Evitts v. Lucey*, 469 U.S. 387, 396 (1985), "and no further," *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Mr. Longfellow's first appeal as of right terminated on October 9, 2008, when the Montana Supreme Court decided his direct appeal.

The Fourteenth Amendment's Equal Protection Clause does not require the States to provide free copies of documents of record to convicted persons seeking grounds to challenge to a conviction or sentence. Mr. Longfellow was able to file a postconviction petition and was not deprived of his right to access the courts. *Lewis v. Casey*, 518 U.S. 343 (1996).

Mr. Longfellow's second claim fails to allege any violation of his federal constitutional rights. It should be denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254

Proceedings. A COA should issue as to those claims on which the petitioner makes

"a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The standard is satisfied if "jurists of reason could disagree with the district court's

resolution of [the] constitutional claims" or "conclude the issues presented are

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Mr. Longfellow's petition fails to meet the standard. He fails to show prejudice

from his appellate counsel's failure to file a reply brief. A federal habeas petition is

not an appropriate vehicle to obtain any refund of a retainer paid to an attorney. Mr.

Longfellow was not deprived of any constitutional right when he was denied free

copies of documents from the court file or the services of counsel in postconviction

proceedings because there is no federal constitutional right to such things. A

certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1.  The Petition (doc. 1) should be DENIED for lack of merit.

2.  The Clerk of Court should be directed to enter by separate document a

judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Longfellow may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Mr. Longfellow files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Mr. Longfellow from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Longfellow must immediately notify the Court of any change in his mailing

address by filing a "Notice of Change of Address." Failure to do so may result in

dismissal of his case without notice to him.

DATED this 29th day of November, 2012.


/s/ Keith Strong
Keith Strong
United States Magistrate Judge